**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE NARRAGANSETT ELECTRIC COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **C.A. NO. 06-404S** |
| **CONSTELLATION ENERGY COMMODITIES GROUP, INC.,** | ) | |
| **Defendant.** | ) | |

**MOTION TO INTERVENE AND TO JOIN CLAIM OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS AND THE RHODE ISLAND DIVISION OF PUBLIC UTILITIES AND CARRIERS**

The State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers (collectively referred to herein as the "State"), by and through their legal counsel, Patrick C. Lynch, Rhode Island Attorney General, and pursuant to Fed. R. Civ. P. 24(a) and/or (b) and Fed. R. Civ. P. 18(a) move for leave to: (i) intervene as a party plaintiff and join Counts I and II of the Complaint of The Narragansett Electric Company ("Narragansett Electric") against Constellation Energy Commodities Group, Inc. ("Constellation"), and (ii) join a third Count against Constellation that is not asserted by Narragansett Electric in its Complaint. The State submits a copy of the accompanying memorandum of law in support of the within motion

to intervene and to join claim. A copy of the State's proposed Complaint is attached as Exhibit A to the memorandum of law in support of the State's motion.

Counsel for the State has contacted counsel for Narragansett Electric and Constellation. Narragansett Electric does not object to the State's intervention in this proceeding. At this stage, Constellation "is not in position to consent" to the State's motion.

Respectfully submitted,

STATE OF RHODE ISLAND
PROVIDENCE PLANTATIONS,
and the RHODE ISLAND DIVISION OF
PUBLIC UTILITIES AND CARRIERS
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov

Dated: January 9, 2007

**CERTIFICATION**

I certify that on January 9, 2007, a copy of the within motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THE NARRAGANSETT ELECTRIC COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CONSTELLATION ENERGY COMMODITIES GROUP, INC.,**<br><br>**Defendant.** | **C.A. NO. 06-404S** |

**MEMORANDUM OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS AND THE RHODE ISLAND DIVISION OF PUBLIC UTILITIES AND CARRIERS IN SUPPORT OF THEIR MOTION TO INTERVENE AND TO JOIN CLAIM**

## I. INTRODUCTION

The State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers[1] (collectively referred to herein as the "State"), by and through their legal counsel, Patrick C. Lynch, Rhode Island Attorney General, and pursuant to Fed. R. Civ. P. 24(a) and/or (b), have moved for leave to intervene in the pending action and assert Counts I and II of the Complaint of The Narragansett Electric Company ("Narragansett Electric") against Constellation Energy Commodities Group, Inc. ("Constellation"). Pursuant to Fed. R. Civ. P. 18(a), the State also seeks to join an additional Count against Constellation that is not asserted by Narragansett Electric.

[1] As more specifically pled in the proposed Complaint, the Rhode Island Division of Public Utilities and Carriers represents the interests of Rhode Island ratepayers in proceedings before the FERC.

A copy of the proposed Complaint is annexed hereto as Exhibit A. For the reasons expressed below, the State respectfully requests that the Court grant its motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a), or, alternatively, to intervene permissively pursuant to Fed. R. Civ. P. 24(b), and to allow the joinder of Count III pursuant to Fed. R. Civ. P. 18(a).

## II. THE STATE IS ENTITILED TO INTERVENE AS A MATTER OF RIGHT.

In order to intervene as a matter of right, a movant must satisfy four criteria: (A) the application must be timely; (B) the movant must claim an interest relating to the property or transaction which is the subject of the action; (C) the movant must be so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (D) the applicant must show its interest will not be adequately represented by the existing parties. E.g., Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989). Each of these factors is readily satisfied by even the most cursory examination of the Complaint, the proposed Complaint and the motions and legal memoranda that have been filed to date with the Court.

### A. The State's Application Is Timely.

The State's motion to intervene is clearly timely. The significant pleadings that have been filed to date are the Complaint, the defendant's motion to dismiss, or in the alternative, motion to compel arbitration and the plaintiff's response to the aforementioned motion to dismiss, along with supporting memoranda of law. No discovery has been undertaken, and due to the early nature of the intervention request, neither the plaintiff nor the defendant will suffer any prejudice if the State's motion is

granted. The State's application seeking intervention as a matter of right, therefore, is timely.

**B. The State Possesses An Interest That Is The Subject Of The Pending Action.**

Where persons or entities are directly impacted or affected by a law, they are permitted to intervene as a matter of right to defend their financial interest with respect to the law. See New York Public Interest Research Group, Inc. v. Regents, 516 F.2d 350, 352 (2d Cir. 1975) (pharmacists and their association were permitted to intervene as of right to defend their financial interest with respect to a state regulation prohibiting the advertisement of prescription drug prices that was under attack by a consumers' lawsuit). This is all the more true when the intervening party is directly involved in the drafting and passage of the new law that is being challenged. See Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245-1247 (6th Cir. 1997) (where Chamber was a vital player in the political process that led to the adoption of legislation, intervention as a matter of right was appropriate).

In 2004, the Independent System Operator ("ISO New England") proposed a locational installed capacity ("LICAP") market. Under this market, ISO New England proposed to allocate capacity payments to electricity generators by geographic zones (*i.e.* by location) based on certain formula that were designed to provide an incentive for the creation of generation capacity. State regulatory bodies, public utilities and municipal load serving entities, and many others objected to the LICAP market for, among other reasons, it was estimated that imposition of the market would cost New England electric ratepayers many hundreds of millions, if not several billion dollars, without providing adequate capacity or reliability. As a consequence of this vehement opposition, FERC

postponed the implementation of the LICAP market in the proceeding then pending before the agency, Devon Power LLC, et al. Docket No. ER03-563-03 & ER03-563-055, and gave the parties an additional opportunity to pursue a settlement.

In or about the Fall of 2005 and into early 2006, regulatory and consumer representatives of the six New England States, generators, transmission owners, power suppliers, among others, negotiated a settlement agreement (the "Agreement") that proposed the adoption of a Forward Capacity Market ("FCM"), as an alternative to the LICAP market. The Agreement was the end product of a series of over 30 settlement conferences and negotiations, involving 115 parties, taking place over about a four-month period with the active participation and involvement of Administrative Law Judge Lawrence Brenner. The Division, Narragansett Electric's parent, National Grid USA, on behalf of itself and its subsidiaries that were intervenors in the proceeding, and Constellation and FPL Energy, LLC, an affiliate of Florida Power & Light, which was pursuing a merger with Constellation, participated in these conferences and negotiations, among other settlement participants.

During the settlement conferences and negotiations, the State became a "swing" settlement participant. Without the State's agreement to become a Settling Party, neither ISO New England would recommend the FCM to FERC, nor would FERC approve the FCM. Without the State's agreement to become a Settling Party, the FCM would not have been created in New England, and Rhode Island standard offer wholesale suppliers (of which Constellation was one), among others, would have faced or incurred continued vigorous opposition to the proposed LICAP market, endless litigation and substantial monetary detriment. Settlement participants, including Rhode Island standard offer

wholesale suppliers, therefore, included language (*i.e.*, Section VIII(A)) in the proposed Agreement to induce the State to become a Settling Party to the Agreement. Section VIII(A) provides as follows:

> The current UCAP products shall be retained for the period commencing on December 1, 2006 and ending on May 30, 2010 (the "Transition Period") as provided for in Part VIII.I. Payments will be made to UCAP entitlement holders including wholesale standard offer suppliers in Rhode Island as under the current Market Rules and tariffs; it being understood that the agreement of wholesale standard offer suppliers in Rhode Island to make UCAP payments is contingent upon the agreement of the state of Rhode Island utility regulatory authorities to support the settlement.

The Agreement, including Section VIII(A), was filed on March 6, 2006 and approved by a FERC Order dated June 16, 2006 (the "Order"). The clear and unequivocal language of Section VIII(A) reflects settlement participants', including Rhode Island standard offer wholesale suppliers', understanding that they would not be able seek or obtain the recovery of Transition Period UCAP Costs or any other similar costs from Narragansett Electric and/or Rhode Island's electric ratepayers.

Count I of the Complaint seeks a declaration that "Section VIII(A) . . . preclude[s] Constellation from obtaining any additional compensation attributable to market changes, including compensation for the Transition Period UCAP Costs." Count II seeks a ruling based on a pleading that Constellation "waived its right to recover Transition Period UCAP Costs" by, among other things, participating in the negotiation of the Agreement, knowing that "Rhode Island's support of the Settlement Agreement was based upon the understanding that the Settlement Agreement precluded Constellation from either seeking or recovering such costs," and Constellation's failure to object to Section VIII(A).

The first two Counts of the Complaint of Narragansett Electric, along with associated averments (***e.g.***, Paras. 20, 21, 22, 23-29) are premised upon language (***i.e.***, Section VIII(A)) given by Rhode Island standard offer wholesale suppliers to, and received by the State in consideration of, the State's agreement to become a Settling Party. The Agreement was executed by the State, National Grid USA, on behalf of itself and subsidiaries that were intervenors in the proceeding, and by FPL Energy LLC, which was pursuing a merger with Constellation, among others, and approved by the Order. Pursuant to federal law, the Agreement and Order are binding upon Constellation.

As the Agreement contains language that inures directly to the benefit of the State and Rhode Island's electric ratepayers, the State and its electric ratepayers possess a direct and substantial interest in enforcing Section VIII(A) and ensuring that Constellation may not recover Transition Period UCAP Costs or any other similar costs from Narragansett Electric and Rhode Island's electric ratepayers. The Agreement and Order, therefore, "directly affect the State and its electric ratepayers." See New York Public Interest Research Group, 516 F.2d at 352. The substantial direct interest possessed by the State is all the more present where, as here, the State participated in the negotiations that led to the inclusion Section VIII(A) in the Agreement, and Section VIII(A) was added to the Agreement for the express purpose of protecting Rhode Island and its ratepayers. See Michigan State AFL-CIO, 103 F.3d at 1247. It follows that the State possesses a substantial interest that is the subject of the pending action.

### C. Disposition Of The Pending Action Without The State's Presence Will Impair Or Impede The State's Ability To Protect Its Interests.

In order to satisfy the impairment criterion for Rule 24(a) intervention, federal courts have held that the potential economic harm to a would-be intervenor warrants serious consideration in the impairment inquiry. See Conservation Law Found. v. Mosbacher, 966 F.2d 39, 43 (1st Cir. 1992). Thus, business groups possess an interest in challenging a law that could significantly change the conduct of their business. E.g., New York Pub. Interest Research Group, 516 F.2d at 352.

In the case at bar, the State possesses legitimate claims based on the Order and Settlement, as well as Constellation's action and inaction, that Constellation is neither entitled to make demand, nor entitled to recover Transition Period UCAP costs or any similar costs from Narragansett Electric and Rhode Island's electric ratepayers. If the Court were to dispose of the pending action in favor of Constellation without the State's presence, the State's and its electric ratepayers' interest in enforcing their rights under the Order and Agreement would be completely impaired. The State and Rhode Island's electric ratepayers would be bound by the Court's adverse rulings without having had the opportunity to assert their rights that the Agreement and Order serve as a bar to Constellation's recovery of Transition Period UCAP costs or any similar costs from Narragansett Electric. Rhode Island electric ratepayers, then, would be unjustly burdened with an increase in electric rates currently estimated by Constellation at between $100 and $150 million. This economic harm is immediate and substantial. Disposition of the pending action without the State's presence would indeed impact the State's ability to protect its interests and that of its electric ratepayers.

**D. <u>The State's Interests Cannot Be Adequately Represented By The Existing Parties</u>.**

An applicant for intervention need only make a minimal showing that the representation by the existing parties likely will prove inadequate. <u>Trbovich v. United Mine Workers</u>, 404 U.S. 528, 538 n.10 (1972). An analysis of "inadequacy" requires a consideration of the strength of the interests that the would-be intervenors present and the tests of inadequacy may vary with the strength of those interests. <u>Main v. Dir., United States Fish & Wildlife Serv.</u>, 262 F.3d 13, 20 (1st Cir. 2001). Courts may require very little "inadequacy" if the would be intervenors have significant interests at stake. <u>Dagget v. Comm'n on Governmental Ethics and Election Practices</u>, 172 F.3d 104, 113-114 (1st Cir. 1999).

Narragansett Electric legitimately seeks a declaratory judgment that Constellation is precluded from recovering Transition Period UCAP Costs or any similar costs through its own agreements with Constellation (the PPAs) and the Agreement, to which it was also a signatory, and the Order. Although Narragansett Electric will be required to make a retail filing with the Rhode Island Public Utilities Commission to recover any increase in costs associated with its dispute with Constellation, as long as these costs are reasonably and prudently incurred, they will be borne by Rhode Island's electric ratepayers. Thus, even though Narragansett Electric is a Settling Party and may enforce the Agreement and Order against Constellation, because the company may be able to obtain rate relief, Narragansett Electric does not possess an incentive as strong as the State to ensure that the Agreement and Order are enforced against Constellation.

Just as importantly, Section VIII(A) of the Agreement and Order bars Constellation and other Rhode Island standard offer wholesale suppliers from recovering Period UCAP Costs or any similar costs, and was included in the Agreement in exchange for the State's agreement to enter into the Agreement. The principal right created by Section VIII(A), thus, inures to the benefit of Rhode Island's electric ratepayers. Only the State can truly represent their interests adequately.

Lastly, that Narragansett Electric cannot adequately represent the State's interest appears within the four corners of the proposed Complaint. The State possesses a claim (Count III) that Narragansett Electric, has not, and cannot assert against Constellation because it was the State that reasonably relied on Rhode Island standard offer wholesale suppliers' and Constellation's conduct to its detriment.

The State's interest in intervening in this matter, then, is great, and none of the existing parties can represent the State's interests in the pending proceeding. The minimal showing of "inadequacy" that is required for Rule 24(a) intervention is more than satisfied in the case at bar.

## III. <u>IN THE ALTERNATIVE, THE STATE SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY.</u>

If this Court were to find that the State should not be permitted to intervene as of right, the Court should still permit the State to intervene permissively. Fed. R. Civ. P. 24(b) provides that permissive intervention may be allowed "when the applicant's claim or defense in the main action have a question of law or fact in common." Permissive intervention is discretionary with the Court. However, the primary consideration in deciding whether or not to grant such intervention is whether the intervention would

unduly "delay or prejudice the adjudication or rights of the original parties." See Dagget, 172 F.3d at 113-114.

The Court should allow the State to intervene in this action because common questions of law and fact abound, and the State, like Narragansett Electric, is seeking to bar Constellation from recovery of Transition Period UCAP costs or any similar costs under the Agreement and Order. As shown, the State's participation in this proceeding will not delay or prejudice the rights of Narragansett Electric or Constellation. Moreover, as the State was intimately involved in the negotiations and conferences that led to the consummation of the Agreement, the State's participation in fact could assist the Court in expediting the adjudication of the issues to be decided. Intervention, on a permissive basis, therefore, is appropriate.

## IV. THE STATE'S REQUEST TO JOIN COUNT III IS APPROPRIATE.

Under Fed. R. Civ. P. 18(a), "a party asserting a claim to relief as an original claim . . . may join, either as independent or as alternate claims, as many claims, legal equitable, or maritime, as the party has against an opposing party." Here, assuming the Court grants the State's request to intervene as a matter of right or permissively, the Court should also permit the State to join Count III of its proposed Complaint to the two "original claims" to which it has intervened.

Although joinder of claims under Rule 18(a) is permissive, the policy underpinning the rule—to avoid piecemeal litigation—is "toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). According to one authority, the only restriction to the

rule arises when joinder would result in great unfairness or prejudice to a party. MGD Graphic Systems, Inc. v. A & A Bindery, Inc., 76 F.R.D. 66, 68 (E.D. Pa. 1977). Since Rule 18(a) deals only with the scope of joinder at the pleading stage, the rule should permit the "joinder of practically anything, and the court, in its discretion can make an order for the separate trial of any matter which can be more conveniently tried that way." 6A Wright, Miller & Kane, Federal Practice and Procedure § 1581 at 520 n.12 (1990) (quoting Sunderland The New Federal Rules, 1938, 45 W.Va.LQ. 5, 13).

In the case at bar, the State alleges in Count III of the proposed Complaint that Constellation is estopped from recovering Transition Period UCAP costs or any similar costs by the Agreement and Order and the company's own conduct. The Count arises from the same transaction or occurrence as Counts I and II of the Complaint. The pending action is still in the pleading stage, and Constellation would not incur prejudice of any kind as a result of the joinder of Count III to Counts I and II of the Complaint. Joinder of Count III, therefore, is appropriate pursuant to Fed. R. Civ. P. 18(a).

## V. CONCLUSION

For the foregoing reasons, the State respectfully requests that the Court grant its motion to intervene and to join claim.

Respectfully submitted,

STATE OF RHODE ISLAND
PROVIDENCE PLANTATIONS and
the RHODE ISLAND DIVISION OF
PUBLIC UTILITIES AND CARRIERS
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Dated: January 9, 2007

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov

**CERTIFICATE OF SERVICE**

I certify that on January 9, 2007, a copy of the within memorandum of law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov