**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE NARRAGANSETT ELECTRIC COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **C.A. NO. 06-404S** |
| **CONSTELLATION ENERGY COMMODITIES GROUP, INC.,** | ) | |
| **Defendant.** | ) | |

**MOTION TO EXTEND HEARING DATE OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS AND THE RHODE ISLAND DIVISION OF PUBLIC UTILITIES AND CARRIERS**

The State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers (collectively referred to herein as the "State"), by and through their legal counsel, Patrick C. Lynch, Rhode Island Attorney General, and pursuant to Fed. R. Civ. P. 6(b)(1) and Local Rule 7, request the Court to extend the hearing date currently scheduled on January 26, 2007 in connection with the defendant's motion to dismiss, or in the alternative to compel arbitration, and, upon the State's intervention in this proceeding, to afford the State a reasonable period of time within which to submit a memorandum of law in opposition to the defendant's motion.

The Court possesses wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed. 6A Wright & Miller Federal Practice and Procedure § 1165 at 520 (1990). E.g., Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 583-84 (1st Cir. 1994) (district court has broad discretion in deciding motions for enlargement of time). As a general rule, such motions will be granted in the absence of bad faith of the party seeking relief or prejudice to the adverse party. 6A Wright & Miller, Federal Practice and Procedure § 1165 at 522.

The defendant, Constellation Energy Commodities Group, Inc. ("Constellation"), has filed a motion to dismiss or, in the alternative, to compel arbitration. The plaintiff, The Narragansett Electric Company ("Narragansett Electric"), has objected to Constellation's motion. The merits of the motion are currently scheduled for hearing on January 26, 2007.

On January 9, 2007, the State filed a motion to intervene and to join claim in the pending proceeding. The State, however, has not had an opportunity to object to Constellation's motion, or, to file papers in support of its objection to that motion. While Narragansett Electric does not oppose the State's request for a brief extension of time, Constellation has informed the State that the company will not consent to any request to continue the hearing.

As explained in its intervention motion papers in greater detail, the State participated in the negotiations that led to the consummation of, and was a signatory to, the Settlement Agreement that was filed with the Federal Energy Regulatory Commission ("FERC") on March 6, 2006 (the "Agreement") and approved by a FERC Order dated June 16, 2006 (the "Order"). Further, as the State explains in its intervention motion

papers, the Agreement and Order, as well as Constellation's conduct, bar Constellation from seeking Transition Period UCAP Costs or any similar costs from Narragansett Electric and Rhode Island's electric ratepayers. The State, then, should be permitted to brief the Court in a formal response to Constellation's motion as to why the State possesses cognizable claims under the Agreement, the Order, and Constellation's conduct that are determinative of that bar. No less a right has been accorded to Constellation and Narragansett Electric. Compare Constellation's Memorandum of Points and Authorities in Support of Its Motion to Dismiss at 2, 22-24 & n. 3 (where Constellation contends, for various reasons, that Section VIII(A) of the Agreement does not bar the company from recouping certain costs) with Narragansett Electric's Memorandum in Support of its Objection to Defendant's Motion to Dismiss at 14, 19 (where Narragansett Electric shows how Section VIII(A) of the Agreement, and Constellation's own conduct, prohibits Constellation from recovering the costs).

A brief continuance of the January 26, 2007 hearing date will allow the Court first to rule on the State's intervention motion. If the State is permitted to intervene, then the continuance will also afford the State a reasonable period of time within which to prepare opposition papers to Constellation's motion to dismiss. The brief continuance possesses the further advantage of enabling the Court to address the merits of Constellation's motion in a comprehensive manner (concurrently as to both Narragansett Electric's and the State's arguments concerning Counts I and II of the Complaint), rather than in a piecemeal fashion (in successive rulings as to Narragansett Electric's and the State's contentions regarding the same counts). Lastly, this is the first request for extension of time sought by the State, and as the time-period for the requested extension will be brief,

neither Narragansett Electric nor Constellation will incur any prejudice as a result of the State's request. Governing authority supports the granting of a motion to extend in such circumstances. See Maldonado-Denis, 23 F.3d at 584 (denial of motion to enlarge is appropriate when counsel has "trespassed on the court's indulgence many times over many months, e.g., amending the complaint three times…", etc.).

For the foregoing reasons, the State respectfully requests that the Court extend the hearing date currently scheduled on January 26, 2007 in connection with the defendant's motion to dismiss, or in the alternative to compel arbitration, and, upon the State's intervention in this proceeding, to afford the State a reasonable period of time within which to submit a memorandum of law in opposition to said motion.

Respectfully submitted,

STATE OF RHODE ISLAND
PROVIDENCE PLANTATIONS,
and the RHODE ISLAND DIVISION OF
PUBLIC UTILITIES AND CARRIERS
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov

Dated: January 9, 2007

**CERTIFICATION**

I certify that on January 9, 2007, a copy of the within motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov