**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE NARRAGANSETT ELECTRIC COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **C.A. NO. 06-404S** |
| **CONSTELLATION ENERGY COMMODITIES GROUP, INC.,** | ) | |
| **Defendant.** | ) | |

**<u>OBJECTION OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS AND THE RHODE ISLAND DIVISION OF PUBLIC UTILITIES AND CARRIERS TO THE DEFENDANT'S LETTER DATED JANUARY 12, 2007</u>**

The State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers (collectively referred to herein as the "State"), by and through their legal counsel, Patrick C. Lynch, Rhode Island Attorney General, object to the request of Constellation Energy Commodities Group, Inc. ("Constellation") to impose a briefing schedule on the State that is contained in a letter dated January 12, 2007 that was forwarded to the Court on the same date. In support of its objection, the State submits the accompanying memorandum of law.

Respectfully submitted,

STATE OF RHODE ISLAND
PROVIDENCE PLANTATIONS,
and the RHODE ISLAND DIVISION OF
PUBLIC UTILITIES AND CARRIERS
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov

Dated: January 17, 2007

**CERTIFICATION**

I certify that on January 17, 2007, a copy of the within objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE NARRAGANSETT ELECTRIC COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **C.A. NO. 06-404S** |
| **CONSTELLATION ENERGY COMMODITIES GROUP, INC.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF THE OBJECTION OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS AND THE RHODE ISLAND DIVISION OF PUBLIC UTILITIES AND CARRIERS TO THE DEFENDANT'S LETTER DATED JANUARY 12, 2007**

## Introduction

The State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers (collectively referred to herein as the "State"), by and through their legal counsel, Patrick C. Lynch, Rhode Island Attorney General, object to the request of Constellation Energy Commodities Group, Inc. ("Constellation") to impose a briefing schedule on the State that is contained in a letter dated January 12, 2007 that was forwarded to the Court on the same date. The State's objection is based on three principal grounds. First, the letter inaccurately portrays the nature of the discussions that transpired between the State and Constellation by omitting material

aspects of those discussions. Consideration of these omissions shows that the proposed "briefing schedule" is neither necessary nor appropriate. Just as importantly, the proposed briefing schedule completely fails to afford the State a reasonable period of time within which to address the complex issues raised by Constellation's motion. Lastly, the January 12, 2007 letter (which can only be construed an application to the Court seeking relief) violates the requirements Federal Rule of Civil Procedure 7(b)(1) and Local Rule 7(a).

### A. **The Proposed "Briefing Schedule" Is Neither Necessary Nor Appropriate.**

On or about January 8, 2007, the State inquired of Constellation whether the company would object to a motion to intervene in the above-entitled matter. The State proposed that if Constellation did not oppose the intervention request, the State would appear at the then scheduled January 26, 2007 hearing, and seek permission from the Court to file a post-hearing memorandum of law regarding Constellation's motion to dismiss. Constellation informed the State that the company would not consent to the State's motion to intervene and refused to accede to an extension of the hearing date.

As a consequence of Constellation's opposition, the State filed a motion to extend the January 26, 2007 hearing date, along with its motion to intervene. On or about January 11, 2007, the Court granted the State's motion to extend, and continued the hearing on Constellation's motion to dismiss until February 7, 2007. On or about January 12, 2007, Constellation contacted the State and inquired whether the State would agree to a "briefing schedule." The State informed Constellation that it did not believe that a "briefing schedule" was necessary or appropriate. The State indicated that it was

making every effort to file a memorandum of law regarding Constellation's motion to dismiss in advance of the February 7, 2007 hearing but that counsel's heavy hearing schedule before the Rhode Island Public Utilities Commission and the complexity of the issues to be addressed necessitated "targeting" a filing date of February 2, 2007. To alleviate Constellation's concern that the company would not have an opportunity to reply to the State's memorandum, the State indicated to Constellation that it would not have any problem if Constellation filed its reply (or requested the Court to be able to file its reply) after the hearing transpired. This proposal was unacceptable to Constellation.

Constellation, itself, has been the cause of the very delay it now seeks to avoid by imposing a "briefing schedule" on the State. Had Constellation acceded to the State's intervention request, the State's legal resources could have been more efficiently allocated to the immediate preparation of the memorandum of law. Constellation's refusal to accept the State's proposal to submit a reply after the February 7, 2007 hearing occasioned further delay in this regard. Given the broad latitude afforded by the State to Constellation to submit a post-hearing reply memorandum and Constellation's utter lack of flexibility regarding the State's intervention request or the initial hearing date, imposing the requested briefing schedule upon the State is neither necessary nor appropriate.

### B. The Proposed "Briefing Schedule" Is Unreasonable.

Constellation proposes that the State submit its response to the company's Motion to Dismiss by January 24, 2007, and may reply to Constellation's response to the Motion to Intervene and to Join Claim by February 2, 2007. The proposed "briefing schedule" is completely unreasonable. Contrary to Constellation's foundationless

contention that the "…Attorney General's office has been aware of this suit and Constellation's motion to dismiss since they were filed in September and October respectively," the undersigned attorneys did not become aware of the dispute between The Narragansett Electric Company ("Narragansett Electric") and Constellation until December 19, 2006. Between the 19th and the present date, the State's counsel have been consumed with collecting and reviewing relevant documents and filings, the holidays, preparing the intervention papers, preparing the motion to extend, preparing the within objection to the company's January 12, 2007 letter to the Court, as well as handling discovery, hearings and trials, etc. in numerous other proceedings.

Constellation had a month and one-half to prepare and file its motion to dismiss. Narragansett Electric had almost two months to oppose Constellation's motion to dismiss. Constellation had another entire month to file its reply to Narragansett Electric's opposition papers. The issues addressed in their respective memoranda address multiple, complex issues ranging from the Court's subject matter jurisdiction to the legal effect of a FERC Settlement and Order. Affording the State a mere seven days (from January 17th to January 24th) to prepare a memorandum of law to address the legal issues that are contained in Constellation's motion to dismiss is completely unreasonable.

### C. The Form Of The January 12, 2007 Letter Violates Federal Rule Of Civil Procedure 7(b)(1) And Local Rule 7(a).

"It is a fundamental matter of practice in federal court that all applications for an order shall be made by motion." O'Shea v. Yellow Technology Serv., Inc. 208 F.R.D 634 (D. Kan 2002). Thus "a letter requesting action on a preliminary matter would be filed but the court would take no action upon it until the matter was raised by motion."

Tate v. International Bus. Mach. Corp., 94 F.R.D. 324 (N. D. Ga. 1982). Fed. R. Civ. P. 7(b)(1) provides that "an application to the court for an order shall be by motion…" Local Rule 7(a) provides that "every motion" (except a motion to extend time or motion to compel discovery) "shall be accompanied by a separate memorandum of law setting forth the points and authorities supporting the motion." Of course, the Court ultimately possesses the discretion whether to treat a letter as a filing upon which disposition is appropriate. Nonetheless, there are important "salutary reasons for insisting upon motions in proper form:"

> A letter does not on its face always contain the full caption, and seldom is the relief requested quickly ascertainable. There is nothing about a letter which even informs the clerk that it should be docketed. Letters addressed to the judge's chambers bypass the clerk's office altogether and arrive in chambers before the matters contained therein are ripe for adjudication. This requires that they be put aside to allow for response, and this departure from the court's normal submission practice invites the possibility that an important matter will be overlooked. Beyond the considerations of efficiency and handling, the court notes that all of the rules governing motion practice including form, service, the requirement of a brief . . . often have a way of getting overlooked if the court is addressed by letter. Finally, opposing counsel may be in a quandary as to whether to respond and if so when.

Tate, 94 F.R.D. at 34.

The January 12, 2007 letter requests the Court to impose a "briefing schedule" on the State. As such, the State believes the letter constitutes an "application to the Court for an order." Under the aforementioned precedent, the letter should have been filed with the Court in the form of a motion, with the appropriate accompanying memorandum of law. A party with the sophistication of Constellation should comply with the requirements of the Federal Rules of Civil Procedure and the Court's Local Rules. The Court would demand no less of the State.

## Conclusion

For the foregoing reasons, the State requests that the Court deny the "briefing schedule" request contained in Constellation's letter dated January 12, 2007 addressed to the Court.

Respectfully submitted,

STATE OF RHODE ISLAND
PROVIDENCE PLANTATIONS,
and the RHODE ISLAND DIVISION OF
PUBLIC UTILITIES AND CARRIERS
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov

Dated January 17, 2007

**CERTIFICATION**

I certify that on January 17, 2007, a copy of the within memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Leo J. Wold
/s/ Richard B.Woolley

Leo J. Wold, # 3613
Richard B. Woolley, # 1452
150 South Main Street
Providence, RI 02903
Tel: 401-274-4400, ext. 2218
Fax: 401-222-3016
LWold@riag.ri.gov
RWoolley@riag.ri.gov