**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| The Narragansett Electric Company,<br>Plaintiff,<br><br>v.<br><br>Constellation Energy Commodities Group, Inc.,<br>Defendant. | ) | C.A. No. 06-404S |

**<u>MOTION TO STAY</u>**

Defendant Constellation Energy Commodities Group, Inc. moves the Court to stay this case pending the outcome of Constellation's petition to the Federal Energy Regulatory Commission for a declaratory ruling, a copy of which was filed and served March 2, 2007 [docket no. 32].

Dated: March 12, 2007

Respectfully Submitted,

/s/ Stacey P. Nakasian
Stacey P. Nakasian, Esq. (Bar No. 5069)
Duffy Sweeney & Scott, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Phone
(401) 455-0701-Fax

*Attorneys for Defendant Constellation Energy Commodities Group, Inc.*

Kenneth W. Irvin (DC Bar ID #439395)
Teresa M. Goody
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Tel: 202.756.8116
Fax: 202.756.8087
E-mail: kirvin@mwe.com
E-mail: tgoody@mwe.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| The Narragansett Electric Company, Plaintiff, | ) | |
| v. | ) | C.A. No. 06-404S |
| Constellation Energy Commodities Group, Inc., Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**

Constellation Energy Commodities Group, Inc. ("Constellation") submits this memorandum in support of its motion to stay this case pending the outcome of Constellation's petition to the Federal Energy Regulatory Commission ("FERC") for a declaratory ruling about the affect, if any, of the ISO New England capacity market settlement in *Devon Power LLC*, 115 FERC ¶ 61, 340 (2006) (the "Settlement Agreement") on Constellation's rights under wholesale power sales agreements ("PPAs") with The Narragansett Electric Company ("NEC").[1]

## INTRODUCTION

The complaints of NEC and the State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers (the "State") allege that section VIII(A) of the Settlement Agreement "bars" or "precludes" Constellation from exercising its right to an equitable adjustment under the PPAs, or that Constellation

[1] Copies of the Settlement Agreement and FERC's June 16, 2006 Order, *Devon Power LLC*, 115 FERC ¶ 61, 340 (2006), accepting it are available via the FERC's website www.ferc.gov under Docket Nos. ER03-563, and are attached as Exhibits E and F to Constellation's Motion to Dismiss NEC's Complaint [docket no. 6].

waived its PPA rights. *See* NEC Compl. at ¶36; State Compl. at ¶31.[2] Constellation has moved to dismiss those claims [docket nos. 6 and 21].

On March 1, 2007, Constellation filed with FERC a petition requesting FERC's declaratory ruling that section VIII(A) of the Settlement Agreement does not abrogate or modify Constellation's bilateral contractual rights and obligations. FERC published notice of Constellation's petition on March 8, 2007, and set April 2, 2007 as the deadline for interested parties to file comments or protests.[3]

Constellation's petition requests that FERC find it has exclusive jurisdiction and issue an order clarifying that the Settlement Agreement does not modify or abrogate Constellation's bilaterally-negotiated PPAs, and thus, the equitable adjustment provision of the PPAs continues to be in full force and effect. Alternatively, the petition requests that FERC assert its primary jurisdiction over that issue.

In either event, FERC's determination about whether the Settlement Agreement precludes or bars Constellation from asserting its right to an equitable adjustment under the PPAs will potentially moot NEC's and the State's claims that the Settlement Agreement precludes or bars Constellation from exercising its right to an equitable adjustment under the PPAs, or that Constellation waived that right. Concomitantly, a ruling by FERC on that petition and a ruling by this Court on Constellation's motion to dismiss could lead to inconsistent results. Based on experience and FERC's past practices, Constellation expects FERC will issue its decision on the petition within 90-

---

[2] A copy of Constellation's petition was docketed March 2, 2007, in support of Constellation's motion to dismiss or, in the alternative, to compel arbitration and stay proceedings and its motion to dismiss the proposed complaint filed by the State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers. *See* Docket No. 32.

[3] A copy of FERC's notice is attached as Exhibit A.

120 days of March 8, 2007. Neither NEC, nor the State will suffer any prejudice from staying this case pending FERC's ruling on Constellation's petition. Accordingly, the Court should stay this proceeding pending FERC's ruling on Constellation's petition.[4]

## ARGUMENT

### I. Legal Standard for a Motion to Stay

A trial court has the inherent power to exercise broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n.6 (1998) (quoting *Landis*, 299 U.S. at 254-255); *see* Fed. R. Civ. P. 1 (permitting federal judges to manage their dockets in a way as to promote just and efficient resolutions). Without a doubt, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Ceritified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

FERC has exclusive jurisdiction, so a stay is warranted to allow FERC to rule. Even if FERC does not have exclusive jurisdiction, a stay is warranted under the doctrine of primary jurisdiction. The Supreme Court in *Reiter v. Cooper*, 507 U.S. 258 (1993), ruled that the primary jurisdiction doctrine requires a court to enable "referrals" to the

---

[4] As the Court noted during the March 5, 2007 hearing, in circumstances like those here parties before the Court have voluntarily entered into a stipulation to stay the proceedings pending related proceedings before FERC. *See, e.g., Keyspan LNG, L.P. v. Rhode Island Coastal Resources Mgmt. Council*, C.A. No. 05-091-S, Doc. No. 82 (D.R.I. Oct. 7. 2005) (Smith, J.).

operative agency by staying further judicial proceedings so as to give the parties reasonable opportunity to seek an administrative ruling. Fed. Prac. L.Ed. § 2:337 at 372. Whether the reasons underlying the primary jurisdiction doctrine are present and whether its purpose will be served turn on the particulars of each case. Important concerns underlying the doctrine include the promotion of uniformity and consistency in the regulation of business entrusted to an administrative agency, the desirability of employing agency expertise in cases raising issues of fact not within the conventional experience of judges, and the power of particular agencies to immunize certain regulated conduct from liability in the courts. Fed. Prac. L.Ed § 2:337 (citing cases).

The First Circuit has expressly recognized that the doctrine of primary jurisdiction "requires the court to enable a referral to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Am. Auto. Manuf. Assoc. v. Mass. Dep't of Envtl. Prot.*, 163 F.3d 74, 81 (1st Cir. 1998) (quoting *Reiter v. Cooper*, 507 U.S. 258) (internal quotation marks omitted); *see also* 5-47 Mathew Bender, Administrative Law § 47.01 (2006) (stating that "the courts have developed the doctrine of 'primary jurisdiction,' under which, in appropriate circumstances, the courts will defer action until they can have the benefit of an agency's views on issues within the agency's competence") (internal footnotes omitted).

## II. The Court Should Stay Proceedings Pending FERC's Ruling

Cause exists for the Court to stay this case pending FERC's ruling. NEC and the State (conditionally) brought claims against Constellation seeking an order of this Court that section VIII(A) of the Settlement Agreement precludes or bars Constellation from exercising its right to an equitable adjustment under the PPAs or, alternatively, that



WDC99 1358609-3.070626.0036

Constellation's actions before FERC effected a wavier of Constellation's equitable adjustment rights. That section reads:

> The current UCAP products shall be retained for the period commencing on December 1, 2006 and ending on May 30, 2010 (the "Transition Period") as provided for in Part VIII.I. Payments will be made to UCAP entitlement holders, and made by UCAP obligation holders including wholesale standard offer suppliers in Rhode Island as under the current Market Rules and tariffs; it being understood that the agreement of wholesale standard offer suppliers in Rhode Island to make UCAP payments is contingent upon the agreement of the state of Rhode Island utility regulatory authorities to support the settlement.

Settlement Agreement VIII(A).

The issue of what that arcane language means and its affect on the PPAs are matters for FERC's expertise. The PPAs are protected by the filed rate doctrine, and only FERC has authority to abrogate or modify the terms of those agreements. *Montana–Dakota Util. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 251 (1951); *Town of Norwood v. FERC*, 217 F.3d 24, 29-30 (1st Cir. 2000) (relying on *Towns of Concord and Wellesley v. FERC*, 844 F.2d 891 (1st Cir. 1988)). Moreover, the Federal Power Act grants FERC plenary authority over interstate commerce of wholesale energy (like that under the PPAs), and preempts any state (and some federal) law that conflicts with or even affects the FERC regulatory regime. *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 300 (1988) (filed rate doctrine preempts any state law that conflicts with, alters, or even impinges on FERC's authority); *Nantahala Power & Light Co.*, 476 U.S. at 971 (state PUC's imposition of allocation of entitlements barred by filed rate doctrine); *Arkansas Louisiana Gas Co. v. Hall (Arkla)*, 453 U.S. 571, 577-79 (1981) (filed rate doctrine barred state law breach of contract claim that assumed FERC would have approved rates as reasonable).

Consequently, it is entirely appropriate for FERC to decide whether the Settlement Agreement precludes or bars Constellation from asserting its right to an equitable adjustment under the PPAs. *American Automobile Manufacturers Association* identified three factors to consider when deciding whether or not to refer a matter to an agency under the primary jurisdiction doctrine. 163 F.3d at 81. First, "whether the agency determination lies at the heart of the task assigned the agency by Congress[.]" *Id.* (quoting *Massachusetts v. Blackstone Valley Elec. Co.*, 67 F.3d 981, 992 (1st Cir. 1995). Second, "whether agency expertise is required to unravel intricate, technical facts[.]" *Id.* And third, "whether, though perhaps not determinative, the agency determination would materially aid the court." *Id.*

The question of what FERC meant by section VIII(A) of the Settlement Agreement falls squarely with all three factors identify by the *American Automobile Manufacturers Association*. In addition, several important goals are achieved by staying the proceedings pending FERC's determination. First, the possibility that a "court's ruling might disturb or disrupt the regulatory regime" of FERC will be avoided. *Am. Auto. Manuf. Assoc.*, 163 F.3d at 81. Second, "uniformity in the interpretation and application of a federal regulatory regime is furthered by permitting the agency that has primary jurisdiction over the matter in question to have a first look at the problem." *Id.* Conversely, forward action by the Court on what section VIII(A) means risks inconsistent rulings and improper disregard for FERC's regulatory duties. *United States v. W. Pac. R.R. Co.*, 352 U.S. 59 (1956) (applying primary jurisdiction doctrine in an action otherwise within the jurisdiction of court, that raises question of the construction and reasonableness of a rate filed with an agency); *see also In re StarNet, Inc.*, 355 F.3d

634 (7th Cir, 2004) (holding that "[i]nstead of trying to divine how the Federal Communications Commission [("FCC")] would resolve the ambiguity created by the word 'location,'" within the phrase "at the same location" in the Telecommunications Act, the court referred the matter to the FCC under the doctrine of primary jurisdiction; "all [the court] could do would be to make an educated guess"). Finally, neither NEC nor the State will suffer any prejudice because neither will suffer any irreparable harm pending FERC's ruling. Accordingly, good cause exists for the Court to stay this case pending FERC's ruling on Constellation's petition.

## CONCLUSION

For these reasons, the Court should stay this case pending the FERC's ruling on Constellation's petition for a declaratory order.

Dated: March 12, 2007

Respectfully Submitted,

/s/ Stacey P. Nakasian

Stacey P. Nakasian, Esq. (Bar No. 5069)
Duffy Sweeney & Scott, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Phone
(401) 455-0701-Fax

Kenneth W. Irvin (DC Bar ID #439395)
Teresa M. Goody
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Tel: 202.756.8116
Fax: 202.756.8087
E-mail: kirvin@mwe.com
E-mail: tgoody@mwe.com

*Attorneys for Defendant*
*Constellation Energy Commodities Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2007, I electronically filed the foregoing *Motion of Defendant Constellation Energy Commodities Group, Inc. to Stay Pending FERC Proceedings and Supporting Memorandum of Points and Authorities* with the Clerk of the Court for the District of Rhode Island using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

Gerald Petros, Esq.
Robin Main, Esq.
Hinkley Allen & Snyder, LLP
50 Kennedy Plaza
Providence, RI 02903

*Counsel for Narragansett Electric Co.*

Leo J. Wold, Esq.
Richard Woolley, Esq.
Rhode Island Attorney General
150 South Main Street
Providence, RI 02903

*Counsel for State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers*

/s/ Stacey P. Nakasian