**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THE NARRAGANSETT ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONSTELLATION ENERGY COMMODITIES GROUP, INC.<br><br>Defendant. | C.A. NO. 06-404S |

**PLAINTIFF'S OBJECTION TO**
**DEFENDANT'S MOTION TO STAY**

Plaintiff, The Narragansett Electric Company ("NEC"), hereby objects to the Motion to Stay of Defendant, Constellation Energy Commodities Group, Inc. In support of its objection, NEC relies on the memorandum of law submitted herewith.

THE NARRAGANSETT ELECTRIC COMPANY

By its attorneys,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Robin Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Facsimile)
gpetros@haslaw.com
rmain@haslaw.com

Dated: March 26, 2007.

**CERTIFICATION**

**To:**

Leo J. Wold, Esq.
Richard B. Woolley, Esq.
150 South Main Street
Providence, RI 02903

Stacey P. Nakasian, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

Kenneth W. Irvin, Esq.
Teresa M. Goody, Esq.
McDermott Will & Emery, LLP
600 13th Street, N.W.
Washington, DC 2005-3096

I hereby certify that on March 26, 2007, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Robin Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Facsimile)
gpetros@haslaw.com
rmain@haslaw.com

791325v1 (57972/129329)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE NARRAGANSETT ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONSTELLATION ENERGY COMMODITIES GROUP, INC.<br><br>Defendant. | C.A. NO. 06-404S |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

INTRODUCTION

Constellation's last-minute attempt to circumvent this Court's jurisdiction by filing a petition for declaratory ruling with FERC is an effort to evade enforcement of the terms of a FERC order that Constellation had every opportunity to challenge, but failed to do. We already have the benefit of FERC's judgment – FERC approved the Settlement Agreement. NEC merely seeks to enforce the terms of that Settlement Agreement, a task that falls uniquely within this Court's jurisdiction. The law does not support Constellation's claim that an Article III court must ask a federal agency "what it intended" before enforcing a regulation, order, or rule issued by that agency, particularly where, as here, Constellation remained silent at FERC.

Constellation really seeks a ruling from FERC that the Settlement Agreement does not mean what it says. Having long-since waived any objection to the Settlement Agreement and having failed to timely appeal or challenge the FERC Order approving the Settlement Agreement, Constellation is bound by the terms of the Settlement Agreement, including Section

VIII. This Court has jurisdiction pursuant to 16 U.S.C. § 825p to enforce Section VIII of the Settlement Agreement, and the filed rate doctrine does not trump that jurisdiction. Moreover, the Court should not surrender jurisdiction to FERC under the doctrine of primary jurisdiction. The Court should deny Constellation's motion and proceed with this case because a stay will serve no purpose other than delay.

ARGUMENT

**I. This Court Is Both Empowered And Uniquely Qualified to Enforce The Settlement Agreement.**

The PPAs assign to Constellation the responsibility to pay Capacity Costs, and Section VIII(A) of the Settlement Agreement confirms this obligation. NEC asks this Court to declare and enforce these rights and obligations pursuant to the Court's jurisdiction under 16 U.S.C. § 825p.[1] See e.g., California v. Oroville-Wyandotte Irrigation Dist., 411 F.Supp. 361, 367 (E.D. Cal. 1975) (holding that § 825p empowers the district courts to enforce violations of Federal Power Commission orders); Occidental Chem. Corp. v. Power Auth. of N.Y., 758 F.Supp. 854, 859, 861 (W.D.N.Y. 1991) (holding that 16 U.S.C. § 825p provided the federal court with jurisdiction over a declaratory judgment action concerning an alleged violation of a Federal Power Commission license). NEC does not ask the Court to modify the Settlement Agreement or to review FERC's wisdom in approving it. Rather, NEC asks the Court to perform a task that

[1] 16 U.S.C. § 825p provides, in pertinent part:

> The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of [the Federal Power Act] or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of [the Federal Power Act] or any rule, regulation, or order thereunder.

it is uniquely qualified to do – to apply and enforce the terms of an order issued by a federal agency. The Court should exercise its jurisdiction to decide this case. [2]

Contrary to Constellation's assertions, the filed rate doctrine does not divest this Court of its jurisdiction.[3] The filed rate doctrine bars only suits that seek to change the filed rate. Nantahala Power and Light Co. v. Thornburg, 476 U.S. 953, 966-79 (1986).[4] NEC's suit, if successful, will neither change the filed rate, nor require the Court to determine a fair price for wholesale electricity or adjudicate whether a rate is reasonable. Rather, NEC's suit seeks to enforce the provisions of the Settlement Agreement – and the PPAs – which provide that Constellation is responsible for Capacity Costs. Such a task falls wholly within this Court's jurisdiction.

FERC's own administrative decisions establish that the interpretation and enforcement of an order does not implicate FERC's exclusive jurisdiction. In Glendale v. Portland Gen. Elec. Co., Glendale asserted that FERC had exclusive jurisdiction over Portland General Electric's

[2] The other counts in NEC's complaint are also for the court to decide. Indeed, Constellation conveniently makes only passing reference to NEC's waiver claim (Count II), and makes no request to stay NEC's claims that the PPAs preclude recovery of Capacity Costs (Counts III and IV) and that Constellation breached the PPAs (Count V). These counts ask the Court to hold that the plain language of the PPAs makes Constellation responsible for Capacity Costs and that Constellation waived any known right it may have had to recover Capacity Costs through its actions and inactions during settlement negotiations. Clearly, none of these counts implicates the filed rate doctrine. Furthermore, the breach of contract claim for the PPAs in Count V does not fall within FERC's exclusive jurisdiction. See In re Mirant Corp., 378 F.3d 511, 519 (5th Cir. 2004) (noting that the FPA does not provide FERC with exclusive jurisdiction over breach of contract claims). In fact, FERC should dismiss the petition for declaratory relief. See Arkansas Power & Light Co., 35 FERC P 61358, at 61818 (June 19, 1986) (dismissing petition for declaratory ruling where a separate issue was being litigated in federal court because "[t]he issuance of a declaratory order … would not, in these circumstances, facilitate either termination of the parties' controversy or remove uncertainty").

[3] As briefed at length in opposition to Constellation's motion to dismiss, the filed rate doctrine is inapplicable to this case. See NEC's Mem. in Supp. of Opp'n at 8-9; NEC's Sur-reply at 3-5.

[4] The filed rate doctrine does not preclude courts from interpreting and enforcing the provisions of an order pursuant to § 825p. See e.g., Stand Energy Corp. v. Columbia Gas Transmission Corp., 373 F.Supp.2d 631, 637 (S.D. W.Va. 2005) (stating that "[t]he filed rate doctrine precludes courts from deciding whether a tariff is reasonable…but it does not preclude courts from interpreting the provisions of a tariff and enforcing the tariff."); U.S. v. Pacific Gas and Elec. Co., 714 F. Supp. 1039, 1054 (N.D. Cal. 1989) (holding that the filed rate doctrine "does not oust this Court of jurisdiction to interpret contracts and construe statutes to the extent that such action is not rate setting"); U.S. Steel Corp. v. Lumbermens Mut. Cas. Co., No. Civ. A. 02-2108, 2005 WL 2106580, at *8 (W.D. Pa. Aug. 31, 2005) (holding that the filed rate doctrine did not apply because the dispute did not concern a rate challenge, but focused on the nature and terms of an agreement between the parties for insurance premiums).

complaint that Glendale had misapplied a contract pricing formula and miscalculated fees. 115 FERC P 61231, 61847 (May 23, 2006). FERC held that it did not have exclusive jurisdiction because the complaint sought the interpretation and enforcement of an existing contract and not the setting of a new just and reasonable rate. Id. at 61848. See also Kentucky Utilities Co., 110 FERC P 61285, 2005 WL 591921, at 62102 (Mar. 15, 2005) (holding that because the "complaint only seeks enforcement of an existing contract, and not the setting of a new just and reasonable rate, … [the] lawsuit does not fall within the Commission's exclusive jurisdiction").

Since this Court has jurisdiction to interpret and enforce the Settlement Agreement under § 825p, and FERC lacks exclusive jurisdiction, Constellation's motion to stay should be denied as there is no basis to delay this matter or credit Constellation's contention that FERC has jurisdiction over any part of NEC's complaint.

## II. FERC Does Not Have Primary Jurisdiction Over The Enforcement Of Section VIII(A) Of The Settlement Agreement.

The doctrine of primary jurisdiction does not apply to the enforcement of an order. Analysis of the factors supporting primary jurisdiction demonstrates that interpretation of an order or rule falls squarely within the tasks assigned to the courts, not administrative agencies. See Cleveland v. Cleveland Elec. Illuminating Co., 684 N.E.2d 343, 349 (Ohio App. Ct. 1996) (noting that the doctrine of primary jurisdiction does not apply to matters of law and that an administrative body is limited in its ability to interpret disputes).

To determine whether it should decline jurisdiction under the doctrine of primary jurisdiction, a court considers three factors: "(1) whether the agency determination lay at the heart of the task assigned the agency by the legislature; (2) whether agency expertise was required to unravel intricate, technical facts; and (3) whether, though perhaps not determinative,

the agency determination would materially aid the court." Arroyo-Melecio v. Puerto Rican Am. Ins. Co., 398 F.3d 56, 74 (1st Cir. 2005) (internal brackets omitted).[5]

Application of these factors to NEC's claim demonstrates that FERC lacks primary jurisdiction. First, interpretation of the Settlement Agreement does not lie at the heart of the task that Congress assigned to FERC. The Court is tasked with the enforcement of FERC orders under 16 U.S.C. § 825p. Second, agency expertise is not required to unravel intricate, technical facts. Interpretation of an order or agreement constitutes a matter of law and "a function peculiarly within the expertise of courts." John Hancock Life Ins. Co. v. Abbott Laboratories, No. 05-2710, 2006 WL 3218513, at *6 (1st Cir. Sep 28, 2006); NEPCO Mun. Rate Comm. v. Fed. Energy Regulatory Comm'n, 668 F.2d 1327, 1349 (D.C. Cir. 1981).[6] Nor will an agency determination materially aid the Court. Deferring the matter to FERC will not assist the Court because the administrative record compiled by FERC in its review of the Settlement Agreement does not contain any reference to Section VIII(A), or suggest that FERC paid any particular attention to that provision. This is not surprising since no party – including Constellation which was a full party to the proceeding before FERC – objected to Section VIII(A). Constellation's petition for declaratory relief is really an objection to Section VIII. It comes too late. FERC

[5] In deciding whether to exercise jurisdiction over contract interpretation matters that are also within the jurisdiction of a court, FERC employs a similar test comprising the following factors: "(1) whether the Commission possesses some special expertise which makes the case peculiarly appropriate for Commission decision; (2) whether there is a need for uniformity of interpretation of the type of question raised by the dispute; and, (3) whether the case is important in relation to the regulatory responsibilities of the Commission." Arkansas Louisiana Gas Co. v. Hall , 7 FERC P 61175, 61322 (May 18, 1979). Moreover, FERC generally will not exercise primary jurisdiction over contract interpretation. See e.g., Puget Sound Power & Light Co., 74 FERC P 61192, 61658 (Feb. 21, 1996) (declining "to exercise primary jurisdiction over a contract dispute involving the meaning of the term 'firm service' as used in a particular agreement").

[6] In an attempt to convince the Court that interpretation of the Settlement Agreement requires FERC's expertise, Constellation refers to the language of Section VIII(A) as "arcane." See Constellation's Mem. at 5. Constellation also states that it seeks a "clarification" of Section VIII(A) and a determination as to "what FERC meant by Section VIII(A) of the Settlement Agreement." Id. at 2, 6. Constellation's suggestion that FERC possesses some special knowledge concerning the intent behind Section VIII(A) is both wrong and irrelevant. It is wrong because FERC makes no reference to Section VIII in the administrative record. It is irrelevant because, just like a court, FERC would need to engage in the interpretation of an order to decide the effect of the Settlement Agreement. It belongs to the Court to interpret and enforce the Settlement Agreement and the PPAs, not FERC.

already exercised its expertise and adopted Section VIII and the Settlement Agreement. Now the Court must exercise its expertise and enforce Section VIII.

In addition to applying the three-factor test, courts also examine whether application of the doctrine advances its underlying purpose of, inter alia, promoting "national uniformity in the interpretation and application of a federal regulatory regime." Am. Auto. Mfrs. Ass'n v. Mass Dep't of Envtl. Prot., 163 F.3d 74, 81 (1st Cir. 1998). In the instant case, the Court's exercise of jurisdiction over the disputed Section VIII(A) between Constellation and NEC will not affect national uniformity as it involves and impacts only two parties and the State of Rhode Island. Section VIII(A) targets Rhode Island. Issues of interpretation do not implicate concerns of uniformity "when the disputes are unique to the parties." Cleveland Elec. Illuminating Co., 684 N.E.2d at 349. Therefore, the doctrine of primary jurisdiction is not supported here.

Constellation misplaces its reliance on In re Starnet, Inc. for application of the doctrine of primary jurisdiction in this case. In Starnet, the Court held that the Federal Communications Commission ("FCC") had primary jurisdiction to resolve an ambiguity in the term "location" as used in the Telecommunications Act. In re Starnet, Inc., 355 F.3d 634, 639 (7th Cir. 2004). The Court referred the matter to the FCC so it could "clear up an ambiguity in its rules" because the FCC was the agency with the special expertise to resolve an ambiguity in the Telecommunications Act – a statute that it implements, enforces and administers. Id. at 636. This case, in contrast to Starnet, involves the interpretation of provisions in the Settlement Agreement and the PPAs. It does not involve the resolution of an ambiguity in a statute that concerns national uniformity.[7]

[7] KeySpan LNG, L.P. v. R.I. Coastal Resources Management Council, C.A. No. 05-091, to which Constellation cites, provides no authority in support of the issuance of a stay in this action. KeySpan involved a pending application to FERC for the construction of a liquefied natural gas facility. This case does not involve any pending application or FERC proceeding. FERC completed its role when it adopted the Settlement Agreement.

CONCLUSION

NEC filed this action in September. The papers and arguments demonstrate that the Court has jurisdiction over all aspects of this dispute. FERC has exercised its judgment and fulfilled its regulatory responsibility. The Court should now enforce the provisions of the PPAs and the Settlement Agreement and move forward to decide this dispute. The Court should deny Constellation's motion to stay.

THE NARRAGANSETT ELECTRIC
COMPANY

By its attorneys,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Robin Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Facsimile)
gpetros@haslaw.com
rmain@haslaw.com

Dated: March 26, 2007.

**CERTIFICATION**

**To:**

Leo J. Wold, Esq.
Richard B. Woolley, Esq.
150 South Main Street
Providence, RI 02903

Stacey P. Nakasian, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

Kenneth W. Irvin, Esq.
Teresa M. Goody, Esq.
McDermott Will & Emery, LLP
600 13th Street, N.W.
Washington, DC 2005-3096

I hereby certify that on March 26, 2007, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Robin Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Facsimile)
gpetros@haslaw.com
rmain@haslaw.com

791141 (57972/129329)