**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THE NARRAGANSETT ELECTRIC COMPANY, STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and the RHODE ISLAND DIVISION OF PUBLIC UTILITIES AND CARRIERS,

Plaintiffs,

v.

CONSTELLATION ENERGY COMMODITIES GROUP, INC.,

Defendant.

C.A. NO. 06-404S

**ANSWER AND AFFIRMATIVE DEFENSE**
**OF CONSTELLATION ENERGY COMMODITIES GROUP, INC.**

Constellation Energy Commodities Group, Inc. ("Constellation"), as its Answer to the Complaint of The State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers (collectively, the "State"), alleges and pleads as follows:

**PARTIES**

1. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

2. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it. In addition, Paragraph 2 of the State's complaint alleges conclusion of law to which no response is necessary.

3. Denied.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Denied.

8. Denied.

## FACTS

9. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

10. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

11. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

12. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

13. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

14. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

15. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

16. Denied.

17. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

18. Denied.

19. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

20. Constellation admits that the quoted passage accurately replicates the cited provisions, but denies any of the other allegations in Paragraph 20.

21. Denied

22. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

23. Constellation admits FERC issued an order on June 16, 2006, the terms of which speak for itself. Constellation denies all other allegations of Paragraph 23.

24. Denied.

25. Denied.

26. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

27. Denied.

28. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

## CLAIMS

### COUNT I — DECLARATORY JUDGMENT

29. Constellation repeats and incorporates its response to the allegations of Paragraphs 1 through 28 as if repeated herein.

30. Denied.

31. Denied.

**COUNT II — WAIVER**

32. Constellation repeats and incorporates its response to the allegations of Paragraphs 1 through 31 as if repeated herein.

33. Denied.

**COUNT III — ESTOPPEL**

34. Constellation repeats and incorporates its response to the allegations of Paragraphs 1 through 28 as if repeated herein.

35. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

36. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

37. Constellation denies knowledge or information sufficient to form any belief about the accuracy of this allegation and, therefore, denies it.

38. Denied as to the allegations of Paragraph 38 concerning Constellation; as for all other allegations of Paragraph 38, Constellation denies knowledge or information sufficient to form any belief about the accuracy of such allegations and, therefore, denies such allegations.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

43. The Court lacks subject matter jurisdiction over this dispute.

### SECOND AFFIRMATIVE DEFENSE

44. The State does not have standing to bring its claims against Constellation.

### THIRD AFFIRMATIVE DEFENSE

45. The State fails to state a claim on which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

46. The State is barred by the doctrine of estoppel from interposing or seeking to interpose any claim, allegation or other issue that would interfere with Defendants' lawful rights (including economic interests) under four Power Purchase Agreements ("PPAs") with The Narragansett Electric Company (the "NEC").

### FIFTH AFFIRMATIVE DEFENSE

47. The State is barred by the doctrine of laches from interposing or seeking to interpose any claim, allegation or other issue that would interfere with Defendants' lawful rights (including economic interests) under four PPAs with NEC.

### SIXTH AFFIRMATIVE DEFENSE

48. The State is barred by the doctrine of unclean hands from interposing or seeking to interpose any claim, allegation or other issue that would interfere with Defendants' lawful rights (including economic interests) under four PPAs with NEC.

SEVENTH AFFIRMATIVE DEFENSE

49. The State is barred by the doctrine of release from interposing or seeking to interpose any claim, allegation or other issue that would interfere with Defendants' lawful rights (including economic interests) under four PPAs with NEC.

EIGHTH AFFIRMATIVE DEFENSE

50. The State is barred by the doctrine of waiver from interposing or seeking to interpose any claim, allegation or other issue that would interfere with Defendants' lawful rights (including economic interests) under four PPAs with NEC.

NINTH AFFIRMATIVE DEFENSE

51. The State's complaint is barred by the doctrine of accord of satisfaction.

TENTH AFFIRMATIVE DEFENSE

52. The State's complaint is barred by the doctrine of failure of consideration.

ELEVENTH AFFIRMATIVE DEFENSE

53. The State's complaint is barred by illegality in that no valid and lawful order of a duly empowered authority (namely, the Federal Energy Regulatory Commission) has abrogated or modified Defendant's rights under the four PPAs, and this Court has no authority to grant any relief altering or hypothesizing alteration of any right enjoyed by Constellation under those four PPAs.

TWELFTH AFFIRMATIVE DEFENSE

54. The State's complaint is barred by the doctrine of frustration of purpose.

THIRTEENTH AFFIRMATIVE DEFENSE

55. The State's complaint is barred by the doctrine of impossibility of performance.

FOURTEENTH AFFIRMATIVE DEFENSE

56. The State has no cognizable claim for relief, or for the recovery from Constellation of any costs, attorneys' fees or other expenses it may incur or have already incurred in conjunction with this proceeding.

FIFTEENTH AFFIRMATIVE DEFENSE

57. The State has no cognizable claim to a jury trial as its claims sound in equity and not in law.

SIXTEENTH AFFIRMATIVE DEFENSE

58. The Court should transfer this matter to a different venue. Venue in this Court is not in the interests of justice because Constellation cannot receive a fair and impartial trial before any jury comprised of NEC ratepayers in light of the State's abdication of any prudence review of costs under the PPAs that NEC seeks to impose on ratepayers.

SEVENTEENTH AFFIRMATIVE DEFENSE

59. The claims raised by the State's complaint are properly the subject of binding arbitration and/or a stay under the Federal Arbitration Act.

PRAYER FOR RELIEF

WHEREFORE, Constellation requests that the Court enter an order and judgment in favor of Constellation:

(i) dismissing with prejudice all counts in the State's Complaint;

(ii) awarding Constellation all its reasonable costs;

(iii) awarding Constellation its reasonable attorneys' fees; and

(iv) awarding such further relief as the Court deems just and proper.

Dated: January 15, 2008

Respectfully Submitted,

/s/ Stacey P. Nakasian

Stacey P. Nakasian, Esq. (Bar No. 5069)
Duffy Sweeney & Scott, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

Kenneth W. Irvin (DC Bar ID #439395)
Paul Thompson
Teresa M. Goody
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Tel: (202) 756.8116
Fax: (202) 756.8087
Email: kirvin@mwe.com

*Attorneys for Defendant*
*Constellation Energy Commodities Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2008 the foregoing *Answer of Constellation Energy Commodities Group, Inc.* was filed electronically with the Clerk of the Court for the District of Rhode Island using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

Leo J. Wold, Esq.
Richard Woolley, Esq.
Rhode Island Attorney General
150 South Main Street
Providence, RI 02903

*Counsel for State of Rhode Island and Providence Plantations and the Rhode Island Division of Public Utilities and Carriers*

/s/ Stacey P. Nakasian
Stacey P. Nakasian

*Attorney for Defendant*
*Constellation Energy Commodities Group, Inc.*

WDC99 1510373-5.070626.0036