**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THE NARRAGANSETT ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and the RHODE ISLAND DIVISION OF PUBLIC UTILITIES AND CARRIERS,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>CONSTELLATION ENERGY COMMODITIES GROUP, INC.,<br><br>Defendant. | C.A. No. 06-404S |

**THE NARRAGANSETT ELECTRIC COMPANY'S ANSWER TO**
**CONSTELLATION ENERGY COMMODITIES GROUP, INC.'S COUNTERCLAIM**

The Narragansett Electric Company ("NEC"), by and through it counsel, hereby answers the counterclaim of Constellation Energy Commodities Group, Inc. ("Constellation") as follows.

1. NEC admits that between 1998 and 2002, NEC and Constellation entered into four Power Purchase Agreements ("PPAs"). NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, NEC denies the allegations in this paragraph.

2. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

3. NEC admits that in March of 2006, the Settlement Agreement was filed with FERC for its approval. NEC denies Constellation's characterization of the Settlement Agreement and the PPAs because they are documents that speak for themselves. NEC denies the remaining allegations.

4. NEC is without sufficient information to admit or deny these allegations, and therefore, they are denied.

5. NEC admits that on August 1, 2006, Constellation wrote a letter to NEC, and that NEC later filed a lawsuit against Constellation. NEC denies Constellation's characterization of the letter and the PPAs because they are documents that speak for themselves. NEC denies the remaining allegations.

6. NEC admits that it filed a lawsuit against Constellation. NEC denies Constellation's characterization of the PPAs, Settlement Agreement, and NEC's filings in this matter because they are documents that speak for themselves. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

7a-e. Constellation's requests for relief should be denied.

**PARTIES**

8. Admitted.

9. Admitted.

10. This paragraph contains conclusions of law to which no response is required. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

## JURISDICTION AND VENUE

11. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

12. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

13. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

14. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

## FACTUAL BACKGROUND

15. Admitted.

16. NEC admits that NEC and Constellation have for years maintained a customer-supplier relationship, and that between 1998 and 2002, NEC (or its predecessors in interest) and Constellation's predecessor in interest entered into four PPAs. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

17. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

18. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

19. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

20. Denied.

21. NEC possesses insufficient information to admit or deny the allegations contained in this paragraph, and therefore, denies them.

22. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

23. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

24. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

25. NEC denies Constellation's characterization of the 2001 Contract because it is a document that speaks for itself. To the extent that a response is required, NEC denies the allegations in this paragraph.

26. NEC denies Constellation's characterization of the 2002 Contract because it is a document that speaks for itself. To the extent that a response is required, NEC denies the allegations in this paragraph.

27. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

28. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

29. NEC denies Constellation's characterization of the 20% and 36% Contracts because they are documents that speak for themselves. To the extent that Constellation's characterization of these documents conflicts with their actual content, NEC denies Constellation's allegations.

30. NEC denies Constellation's characterization of the 20% and 36% Contracts because they are documents that speak for themselves. To the extent that Constellation's characterization of these documents conflicts with their actual content, NEC denies Constellation's allegations.

31. NEC denies Constellation's characterization of the 2001 Contract because it is a document that speaks for itself. To the extent that a response is required, NEC denies the allegations in this paragraph.

32. Denied.

33. NEC denies Constellation's characterization of the 2002 Contract because it is a document that speaks for itself. To the extent that a response is required, NEC denies the allegations in this paragraph.

34. NEC denies Constellation's characterization of the 2002 Contract because it is a document that speaks for itself. To the extent that Constellation's characterization of this document conflicts with its actual content, NEC denies Constellation's allegations.

35. Denied.

36. NEC admits that FERC regulates the wholesale market for electric energy and capacity and the markets administered by ISO New England. NEC denies the remaining allegations.

37. NEC admits that in June of 2006, FERC issued an order accepting the Settlement Agreement. NEC denies Constellation's characterization of the Settlement Agreement because it is a document that speaks for itself. NEC denies the remaining allegations.

38. NEC denies Constellation's characterization of the Settlement Agreement and the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

39. NEC denies Constellation's characterization of the Settlement Agreement and the FERC Order because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

40. Denied.

41. NEC possesses insufficient information to admit or deny the allegations contained in this paragraph, and therefore, denies the same. NEC's denies Constellation's characterization of the Settlement Agreement because it is a document that speaks for itself.

42. Denied.

43. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied. NEC denies Constellation's characterization of the Settlement Agreement because it is a document that speak for itself.

44. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied. NEC denies Constellation's characterization of the Settlement Agreement and the PPAs because they are documents that speak for themselves.

45. NEC denies Constellation's characterization of the Settlement Agreement and the FERC Order because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

46. Denied.

47. NEC denies Constellation's characterization of the Settlement Agreement because it is a document that speaks for itself. To the extent that a response is required, NEC denies the allegations in this paragraph.

48. NEC denies Constellation's characterization of the Settlement Agreement because it is a document that speaks for itself. To the extent that a response is required, NEC denies the allegations in this paragraph.

49. NEC denies Constellation's characterization of the Settlement Agreement and the FERC Order because they are documents that speak for themselves. NEC admits that it cites Section VIII(A) of the Settlement Agreement. NEC denies the remaining allegations.

50. NEC denies Constellation's characterization of the Settlement Agreement because it is a document that speaks for itself. To the extent that a response is required, NEC denies the allegations in this paragraph.

51. NEC admits that Constellation wrote it a letter dated August 1, 2006. NEC denies Constellation's characterization of the August 1, 2006 letter because it is a document that speaks for itself. To the extent that a response is required, NEC denies the allegations in this paragraph. NEC possesses insufficient information to admit or deny the reasons why Constellation wrote this letter, and therefore, denies those allegations.

52. NEC denies Constellation's characterization of the August 1, 2006 letter because it is a document that speaks for itself. To the extent that a response is required, NEC denies the allegations in this paragraph.

53. NEC admits that it sued Constellation in this Court. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

**COUNT I**
**Demand for Arbitration**

54. NEC reasserts the answers to Paragraphs 1 through 53 above as though set forth in full herein.

55. NEC denies Constellation's characterization of the PPAs because they are documents that speak for themselves. To the extent that a response is required, NEC denies the allegations in this paragraph.

56. Denied.

57. Denied.

**COUNT II**
**Declaratory Judgment**
**(Equitable Adjustment)**

58. NEC reasserts the answers to Paragraphs 1 through 57 above as though set forth in full herein.

59. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

60. Denied.

61. Denied.

**COUNT III**
**Breach of Contract**

62. NEC reasserts the answers to Paragraphs 1 through 61 above as though set forth in full herein.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**COUNT IV**
**Declaratory Judgment**
**(ASM/PPAs)**

69. NEC reasserts the answers to Paragraphs 1 through 68 above as though set forth in full herein.

70. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

71. Denied.

72. Denied.

**COUNT V**
**Breach of Contract**
**(ASM/PPAs)**

73. NEC reasserts the answers to Paragraphs 1 through 72 above as though set forth in full herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

**COUNT VI**
**Declaratory Judgment**
**(Waiver)**

81. NEC reasserts the answers to Paragraphs 1 through 80 above as though set forth in full herein.

82. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

83. Denied.

84. NEC denies Constellation's characterization of the Settlement Agreement and PPAs because they are written documents that speak for themselves. This paragraph contains

conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations, said allegations are denied.

85. Denied.

**COUNT V**
**Quasi-Contract; Unjust Enrichment; *Quantum Meruit***

86. NEC reasserts the answers to Paragraphs 1 through 85 above as though set forth in full herein.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Constellation's counterclaims fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Constellation's counterclaims are barred by the doctrine of accord and satisfaction.

**THIRD AFFIRMATIVE DEFENSE**

Constellation's counterclaims are barred by the doctrine of payment.

**FOURTH AFFIRMATIVE DEFENSE**

Constellation's counterclaims are barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Constellation's counterclaims are barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Constellation's counterclaims are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Constellation's counterclaims are barred by the Settlement Agreement and/or the PPAs.

**EIGHTH AFFIRMATIVE DEFENSE**

Constellation's counterclaims are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Constellation's counterclaims are barred by the doctrine of release.

**TENTH AFFIRMATIVE DEFENSE**

Constellation is not entitled to arbitration of any of its claims.

WHEREFORE, NEC respectfully requests that this Court:

(a) Dismiss Constellation's counterclaims in their entirety, with prejudice;

(b) Award NEC such damages as may be proven at trial;

(c) Award NEC reasonable costs and fees, including reasonable attorneys' fees; and

(d) Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

THE NARRAGANSETT ELECTRIC COMPANY

By its attorneys,

/s/ Robin L. Main
Gerald J. Petros (#2931)
Robin Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Facsimile)
gjpetros@haslaw.com
rmain@haslaw.com

Dated: February 18, 2008.

**CERTIFICATION**

**To:**

Teresa M. Goody, Esq.
Paul Thompson, Esq.
McDermott Will & Emery, LLP
600 13th Street, N.W.
Washington, DC 2005-3096

I hereby certify that on February 18, 2008, a copy of the foregoing Answer to Defendant's Counterclaim was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Robin L. Main
Gerald J. Petros (#2931)
Robin Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
gpetros@haslaw.com
rmain@haslaw.com

866351 (57972/129329)